Treat, Justice, delivered the opinion of the court: This was an action instituted before the mayor of the city of Springfield, by Laswell against H. and A. Hickox, and taken by appeal to the circuit court. The defendants there moved the court to dismiss the suit, for want of jurisdiction in the mayor. On the hearing of the motion, it was admitted by the parties, that the cause of action did not arise within the city ; that the defendants resided out of the city, and were beyond its limits, when process was served on them. On this state of facts, the circuit court dismissed the suit,"and reversed the judgment rendered [*182] by the mayor, which was in favor of the plaintiff Laswell. This decision is now assigned for error. The only question sought to be decided is, as to the extent of the powers of the mayor, as a judicial officer. These powers are conferred on him by the seventh and eighth .sections of the sixth article of the city charter. Acts of 1839-40, 6. The seventh section provides that he “shall be commissioned as a justice of the peace for the city and county, and as such shall be a conservator of the peace in the said city, and shall have power and authority to administer oaths, issue writs and process under the seal of the city.” The eighth section gives him “ exclusive jurisdiction in all cases arising under the ordinances of the corporation, and concurrent jurisdiction with all justices of the peace, in all civil and criminal cases within the limits of the city'.” The twelfth section.of the eighth article gives the city marshal, or other officer, authorized to execute process issued by the mayor, power to execute the same anywhere in the county of Sangamon. The mayor is a local officer, with limited jurisdiction, and can only exercise such powers as are clearly conferred on him by law. It is insisted, because he is commissioned as a justice of the peace for the city and county, that therefore his powers and jurisdiction are equal to, and co-extensive with, those of an ordinary justice of the peace. Such would undoubtedly be thé case, if there was no other provision respecting ' his powers. But after using this general language, the charter proceeds to particularize and define his powers. The definition thus given qualifies and restrains the forcé and effect of the general provision. He is therefore only to exercise such'powers as are specially given him. He is a conservator of the peace in the city, and has concurrent jurisdiction in civil and criminal cases within . the limits of the city. If he had the general powers claimed for him, he would be a conservator of the peace for, and have jurisdiction of civil and criminal cases in the county, as well as the city. In the exercise of criminal jurisdiction, he is restricted to such offences as are committed within the territorial limits of the city. In the exercise of civil jurisdiction, he is confined to cases in which the cause of action arises within the city, and to cases where the parties to be summoned before him are served with process in the city. In the one class of cases, he has jurisdiction of the subject matter of the action; in the other, he gets jurisdiction of the persons of the parties, by their coming into the city, and he is then enabled to enquire into, and determine, the subject matter. The twelfth section was doubtless intended to apply to eases, in which the mayor has jurisdiction over the subject matter of the offence or action. In such cases, the marshal can serve the process any where in the county. He can proceed in the same manner, in the service of executions issued on judgments rendered [*183] by the mayor; that officer having already obtained and exercised jurisdiction, in the particular case. On the same principle, he may serve process of subpoena on witnesses required to attend the mayor’s court. Within these limitations, we are of opinion the mayor is restricted- In the present case, he had neither jurisdiction of the subject matter of the action, nor of the persons of the parties, and the circuit court was right in dismissing the suit. The judgment of the circuit court is affirmed with cost. Judgment affirmed.